UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20048-CIV-KING/O'Sullivan

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

GETANSWERS, INC.,
JAMES KOENIG and
ROBERT COURNOYER,

Defendants,

and

OCEANMARK CONSULTING GROUP, INC.

Relief Defendant.

FILED by _VL_ D.C.

APR 25 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT JAMES KOENIG

Plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing its Complaint against, among others, Defendant James Koenig ("Koenig"). In its Complaint, the Commission sought a temporary restraining order, and preliminary and permanent injunctions to prohibit violations by Koenig and the other Defendants of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), and 20(a) and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder. The Commission also sought other relief against Koenig in the form of accountings, disgorgement, records preservation, expedited discovery, an order temporarily freezing assets and an order imposing civil penalties.

APR 3 0 2003

Rec'd in MIA Dkt _____

Koenig, by the Consent affixed hereto, without admitting or denying any of the allegations in the Commission's Complaint, except as to the jurisdiction of this Court, and with the Commission having preserved its right to seek further relief in the form of (1) disgorgement plus prejudgment interest thereon, and (2) civil penalties, both as prayed for in the Complaint, has agreed to the entry of this Judgment of Permanent Injunction and Other Relief. This Court having accepted such Consent and this Court having jurisdiction over Koenig and the subject matter hereof, and the Court being fully advised in the premises but without making any findings of fact or conclusions of law with respect to any allegations in the Complaint:

## I.

## VIOLATION OF SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT

**IT IS ORDERED, ADJUDGED AND DECREED** that Koenig, his agents, servants, employees, representatives, and all persons in active concert or participation with any of them, directly or indirectly, who receive actual notice of this Judgment of Permanent Injunction, by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly:

(a)  making use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell any security, in the form of units, common stock, warrants or any other security, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Commission as to such security;

(b)  carrying or causing to be carried through the mails or in interstate commerce, by means or instruments of transportation, any security, in the form of units, common

        stock, warrants or any other security, for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Commission as to such security; or

(c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy any security, in the form of units, common stock, warrants or any other security, through the use or medium of any prospectus or otherwise, unless and until a registration statement is filed with the Commission as to such security, or while a registration statement filed with the Commission as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## II.

### FRAUD IN VIOLATION OF SECTION 17(a)(1), 17(a)(2) and 17(a)(3) OF THE SECURITIES ACT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Koenig, his agents, servants, employees and representatives, and all persons in active concert or participation with any of them, directly or indirectly, who receive actual notice of this Judgment of Permanent Injunction, by personal service or otherwise, are, permanently restrained and enjoined from, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)    knowingly employing any device, scheme or artifice to defraud;

3

    (b)    obtaining money or property by means of any untrue statement of material fact or omission to state any material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

    (c)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of any such security;

in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3).

### III.

### FRAUD IN VIOLATION OF SECTION 10(b) OF THE EXCHANGE ACT AND RULE 10b-5 THEREUNDER

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Koenig, his agents, servants, employees and representatives, and all persons in active concert or participation with any of them, directly or indirectly, who receive actual notice of this Judgment of Permanent Injunction, by personal service or otherwise, are permanently restrained and enjoined from, knowingly and willfully, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

4

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

IV.

## VIOLATION OF SECTION 20(a) OF THE EXCHANGE ACT

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Koenig, his agents, servants, employees and representatives, and all persons in active concert or participation with any of them, directly or indirectly, who receive actual notice of this Judgment of Permanent Injunction, by personal service or otherwise, are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Sections 5(a), 5(c) and 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), 77q(a) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder, unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

V.

## DISGORGEMENT AND PENALTIES

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Koenig shall be liable to disgorge all ill-gotten profits or proceeds he received, if any, as a result of the acts and/or conduct alleged in the Complaint, plus prejudgment interest thereon. The amount of disgorgement, if any, shall be determined by the Court upon the Commission's motion, Koenig's response thereto, and after an evidentiary hearing.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Koenig shall be liable to pay civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and

Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), in connection with the acts and/or conduct described in the Commission's Complaint. The amount of civil penalties Koenig shall pay, shall be determined by the Court upon the Commission's motion, Koenig's response thereto, and after an evidentiary hearing.

For the sole purpose of determination of the amount of disgorgement and civil penalties, Koenig agrees not to contest any of the factual allegations in the Complaint, except to the extent that any allegation may relate to the amount of disgorgement, if any, applicable to Koenig. Koenig may, however, contest the amount of disgorgement and civil penalties requested by the SEC.

## VI.

## PENNY STOCK BAR

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Koenig is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

## VII.

## ASSET FREEZE AND RECORDS PRESERVATION

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court's prior Orders relating to an asset freeze and records preservation shall remain in full force and effect until further order of this Court. Koenig may at any time, however, petition the Court for relief from such prior Orders.

## VIII.

### **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this matter and Koenig in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court and to order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED THIS** 25 day of April, 2003, at 1:30 pm, Florida.

THE HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies to:

Kerry A. Zinn, Esq.
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
*Counsel for Securities and Exchange Commission*
305/982-6379
305/536-4154 Fax

Jonathan Butler, Attorney for Receiver
Steel Hector & Davis, LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
561/650-7200
561-655-1509 Fax
*Counsel for Kathy M. Klock., Court-appointed Receiver*

*for GetAnswers, Inc.*

Robert Cournoyer, individually, and as
Officer/Director of OceanMark Consulting Group, Inc.
16711 Collins Avenue, UPH-08 (#2808)
Sunny Isles, FL 33160

Dan Newman, Esq.
Tew Cardenas et al.
201 S. Biscayne Blvd. – 26th Floor
Miami, Fl 33131
*Counsel for James Koenig*